[No. E054886. Fourth Dist., Div. Two. Nov. 19, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
LIBRADO GONZALEZ, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts II and IIIA.

134

**COUNSEL**

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RICHLI, J.**—Pursuant to a plea bargain, defendant Librado Gonzalez pleaded guilty to one count of possession of child pornography (Pen. Code, § 311.11, subd. (a)) and was placed on probation for three years.

Prior to sentencing, defendant filed a motion arguing that the requirement that he register as a sex offender violated equal protection because such a requirement did not apply to persons convicted of statutory rape. The trial court denied the motion. It then placed defendant on probation, on conditions including that he not work anyplace where minors are present.

In the published portion of this opinion, we will hold that imposing a mandatory sex offender registration requirement on persons convicted of possession of child pornography but not on persons convicted of statutory rape does not violate equal protection.

In the unpublished portion of this opinion, we will hold that two probation conditions must be modified. Accordingly, we will affirm the judgment as modified.

## I

## MANDATORY SEX OFFENDER REGISTRATION FOR PERSONS CONVICTED OF POSSESSION OF CHILD PORNOGRAPHY BUT NOT PERSONS CONVICTED OF STATUTORY RAPE

Defendant contends that the application of the mandatory sex offender registration requirement to persons, like him, convicted of possession of child pornography (Pen. Code, § 311.11), but not to persons convicted of statutory rape (Pen. Code, § 261.5), violates equal protection.

He relies on *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29], which held that the application of a mandatory sex offender registration requirement to persons convicted of oral copulation of a minor aged 16 or 17 (Pen. Code, § 288a, subd. (b)(1)), but not to persons convicted of statutory rape of a minor aged 16 or 17, violated equal protection. (*Hofsheier*, at p. 1207.)

■ As *Hofsheier* explained, " 'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.]" (*People v. Hofsheier, supra*, 37 Cal.4th at p. 1199.) The court applied the rational relationship test, which asks whether " ' " 'there is any reasonably conceivable state of facts that could provide a rational basis for the classification. [Citations.] Where there are "plausible reasons" for [the classification], "our inquiry is at an end." ' " ' [Citations.]" (*Id.* at pp. 1200–1201, italics omitted.) It found "no reason why the Legislature would conclude that persons who are convicted of voluntary oral copulation with adolescents 16 to 17 years old, as opposed to those who are convicted of voluntary intercourse with adolescents in that same age group, constitute a class of 'particularly incorrigible offenders' [citation] who require lifetime surveillance as sex offenders." (*Id.* at pp. 1206–1207.)

Significantly, *Hofsheier* did not compare *all* oral copulation of a minor to *all* statutory rape. In the defendant's case, the oral copulation had been "voluntary"—i.e., it was not against the will of the victim and it was not accomplished by force, fear, or duress. (*People v. Hofsheier, supra*, 37 Cal.4th at p. 1193.) Also, in the defendant's case, the victim had been 16. (*Id.* at pp. 1192–1193.) The court proceeded to refer to the defendant's crime as voluntary oral copulation of a minor aged 16 or 17 (*id.* at pp. 1192, 1194) and to compare that crime to voluntary statutory rape of a minor aged 16 or 17 (*id.* at pp. 1202–1207).

It explained, "Although section 288a(b)(1) applies to all acts of oral copulation with a person under the age of 18, other provisions provide for greater punishment for involuntary acts and acts involving younger victims. Thus, section 288a, subdivision (b)(2), provides that a person over 21 years of age who engages in oral copulation with someone younger than 16 years of age is guilty of a felony, and subdivision (c)(1) provides for still greater punishment—three to eight years' imprisonment—for anyone who engages in oral copulation with someone under the age of 14 who is more than 10 years younger than the defendant. Other subdivisions specify imprisonment of three to eight years for forcible or involuntary oral copulation. (§ 288a, subds. (c)(2) & (3), (f).) And section 288 provides that any lewd or lascivious act (including oral copulation) with a child under the age of 14 is a felony punishable by three to eight years' imprisonment. Consequently, section 288a(b)(1) functions as the primary offense (as opposed to being a lesser included offense) . . . when, as here, the act of oral copulation is voluntary and the victim is 16 or 17 years old . . . ." (*People v. Hofsheier, supra*, 37 Cal.4th at pp. 1194–1195.)

As a result, in *Hofsheier*, the two crimes being compared were absolutely identical, except in one respect. They both prohibited a form of voluntary sexual conduct with a minor aged 16 or 17; the only difference was that one prohibited sexual intercourse, while the other prohibited oral copulation. The Supreme Court found nothing significantly distinguishing these two forms of sexual conduct, other than the possibility of pregnancy (*People v. Hofsheier, supra*, 37 Cal.4th at p. 1205), which, if anything, would militate in favor of *applying* the registration requirement to statutory rape and *not* to oral copulation. It therefore concluded that the legislative distinction had no rational basis.

Defendant argues that the present distinction between possession of child pornography and statutory rape is similarly irrational, because a person who actually engages in voluntary sexual intercourse with a child is not subject to the mandatory registration requirement, yet a person who merely possesses a photo of that act is. However, the possession of child pornography is distinct from statutory rape in multiple respects on which the Legislature could rationally rely.

First, child pornography is inherently capable of being copied or duplicated. A single act of statutory rape is just that—a single act. However, a single act of possession of child pornography is usually the product of a chain of acts, starting with the creation of the offending image, followed by the creator's initial reproduction and transmission of the image, often followed by "peer-to-peer" reproduction and transmission of the image. And even if the item of child pornography has never been reproduced before, it has the

potential to be the beginning of such a chain, as minors who "sext" have discovered, to their regret. (See Hoffman, *A Girl's Nude Photo, and Altered Lives*, N.Y. Times (Mar. 26, 2011).)[1] Thus, the child is subject to being constantly revictimized.

It could be argued that statutory rape is also likely to be repeated, if the offender and the victim have a relationship. In that event, however, the offender can be prosecuted on multiple counts of statutory rape. By contrast, it is usually impracticable to prosecute everyone involved in creating, duplicating, and transmitting a single item of child pornography. The Legislature could rationally take the position that an offender convicted of possession of child pornography should be subject to disparate treatment based on the likelihood that he or she is contributing to revictimization.

■ Second, the possession of child pornography can involve child victims of any age, and especially those under 14. "[T]he courts have uniformly recognized the significance of the victim's age that defines an offense in determining whether offenders of other statutes are similarly situated and whether there is a rational basis for statutory distinctions between two offenses." (*People v. Tuck* (2012) 204 Cal.App.4th 724, 734 [139 Cal.Rptr.3d 407]; see *People v. Alvarado* (2010) 187 Cal.App.4th 72, 77 [113 Cal.Rptr.3d 648] [Fourth Dist., Div. Two] ["[d]efendant's section 288(a) conviction involves preying on young, vulnerable children, and therefore there is a valid reason for requiring mandatory sex offender registration as to a section 288(a) conviction"].)

Of course, statutory rape likewise can involve child victims of any age. However, sexual intercourse with a minor under 14 can be prosecuted as a lewd act on a child under Penal Code section 288, subdivision (a); in that case, it is subject to greater punishment—and to the mandatory registration requirement. Statutory rape is the "primary offense" (*People v. Hofsheier, supra*, 37 Cal.4th at p. 1195) only when the child victim is 14 or older. Thus, the relevant comparison is between the defendant's actual act of possessing child pornography and the hypothetical act of having voluntary sexual intercourse with the identical child victim. If the latter could be subject to a mandatory registration requirement, as a violation of Penal Code section 288 rather than Penal Code section 261.5, there is no equal protection violation;[2]

---

[1] Available at <http://www.nytimes.com/2011/03/27/us/27sexting.html> (as of Nov. 19, 2012).

[2] This reasoning parallels that used in *People v. Manchel* (2008) 163 Cal.App.4th 1108, 1113–1115 [78 Cal.Rptr.3d 194] and *People v. Anderson* (2008) 168 Cal.App.4th 135, 141–143 [85 Cal.Rptr.3d 262].

*People v. Ranscht* (2009) 173 Cal.App.4th 1369 [93 Cal.Rptr.3d 800] criticized this aspect of *Manchel*, stating: ". . . *Manchel*'s holding rests on the erroneous proposition that a person who

there is merely some room for prosecutorial charging discretion. The exercise of such discretion does not violate equal protection. (*People v. Cavallaro* (2009) 178 Cal.App.4th 103, 115–117 [100 Cal.Rptr.3d 139].)

The record does not show the age of the children depicted in the pornography possessed by defendant. Defendant not only pleaded guilty but also waived a probation report. The facts regarding the crime are sketched only briefly in defendant's motion, including the attached police report and the People's opposition. All we know is that his computer was found to contain at least 40 images of persons who could be determined, without difficulty, to be children, and whose "genitals [were] lewdly displayed and the obvious focus of the still images." On this record, defendant cannot show that the child pornography that he possessed featured children 14 or over, rather than children under 14. If defendant was in possession of pornography featuring a child under 14, then he is similarly situated to a person convicted of lewd acts with a child under 14, and thus the mandatory registration requirement can constitutionally be applied to him.

Separately and alternatively, even assuming defendant's conviction was based on the possession of child pornography featuring a child who is 14 or older, this offense is significantly different from statutory rape of a victim who is 14 or older in an additional respect. In a case of child pornography, unlike in a case of statutory rape, it is often impracticable to locate the victim and thus to establish the actual age of the child. Thus, the Legislature could

---

engages in unlawful sexual intercourse with a minor under section 261.5 necessarily violates section 288, subdivision (a) or subdivision (c)(1) if the minor is less than 14 years old or if the minor is 14 or 15 years old and the offender is at least 10 years older, respectively. This assumption overlooks the fact that unlawful sexual intercourse is a general intent offense [citation] whereas convictions under section 288, subdivision (a) or subdivision (c)(1) require the specific intent to 'arous[e], appeal[] to, or gratify[] the lust, passions, or sexual desires of [the offender] or the child.' [Citations.]" (*Id.* at pp. 1373–1374.)

In *Hofsheier* itself, however, the Supreme Court compared voluntary oral copulation of a 16 or 17 year old to voluntary statutory rape of a 16 or 17 year old, precisely because, if the victim were younger, the defendant could be prosecuted under other statutes; it specifically included Penal Code section 288. (*People v. Hofsheier, supra*, 37 Cal.4th at pp. 1194–1195.) *Hofsheier* also stated, "We are not here concerned with persons convicted of a crime involving a forcible sexual act, or one involving a victim under the age of 14, because all such persons must register as sex offenders irrespective of whether they engaged in oral copulation or sexual intercourse," again specifically citing Penal Code section 288. (*Hofsheier*, at p. 1198.)

We recognize that, technically, a lewd act on a child requires a specific sexual intent. Nevertheless, cases in which a defendant uses a penis to penetrate the vagina of a child under 14 without any sexual intent are freakishly rare. Thus, the *Legislature* could rationally *disregard* such exceptional cases and could rationally assume that defendants who commit statutory rape of a child under 14 will be *almost* always subject to the mandatory registration requirement (absent prosecutorial mercy).

rationally extend mandatory registration to the possession of child pornography featuring *any* child who is clearly under 18. The disparity in treatment would still be justified by society's particular concern for children under 14.

Third, statutory rape is characteristically voluntary on the part of the child. Once again, defendant would prefer to limit us to comparing all possession of child pornography to all statutory rape, whether voluntary or involuntary. Nevertheless, *involuntary* sexual intercourse with a minor is subject to the mandatory registration requirement, provided it is prosecuted as forcible rape under Penal Code section 261, subdivision (a). Statutory rape is the "primary offense" only if it is voluntary.

The production of child pornography is rarely voluntary on the part of the child. Often, the creator uses force, fear, or duress. Even if the child participates voluntarily in the production of the pornography, however, it is unlikely that the child voluntarily agrees to have the pornography possessed by others. And even in the special case of "self-produced" pornography (e.g., "sexting"), while the child may create the pornography voluntarily, and may even consent to one particular person possessing it, the child can never be sure who else will ultimately possess it, precisely because pornography can be reproduced and transmitted indefinitely, as discussed above. Finally, because in many instances it is impracticable to locate the child to determine whether he or she acted voluntarily, the Legislature could reasonably make the possession of all child pornography subject to the registration requirement.

█ Again, on this record, defendant cannot show that the children in the pornography that he possessed acted voluntarily. Hence, he cannot show that he is situated similarly to someone who commits voluntary statutory rape. Rather, he may be treated as analogous to someone who has committed the forcible rape of a child, which is subject to the mandatory registration requirement.

## II

### PROBATION CONDITIONS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 132.

### III

### DISPOSITION

A.  *Modification of Probation Conditions.**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

B.  *Affirmance as Modified.*

The judgment, as modified, is affirmed.

McKinster, Acting P. J., and Codrington, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 20, 2013, S207174.

---

*See footnote, *ante*, page 132.