Filed 12/4/13  P. v. Johnson CA3
Reposted to provide correct document

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072646 |
| v. | (Super. Ct. No. 11F05748) |
| PETER JESSE JOHNSON, | |
| Defendant and Appellant. | |

Officers executed a search warrant at defendant Peter Jesse Johnson's home, conducted an analysis of his computer, and located more than 30 videos depicting minors (some under 10 years old) committing acts of sexual intercourse with adults.

Defendant pleaded no contest to possession or control of child pornography.  (Pen. Code, § 311.11, subd. (a).)[1]  The trial court granted defendant's motion to reduce the

---

[1] Undesignated statutory references are to the Penal Code.

1

offense to a misdemeanor (§ 17, subd. (b)), denied his equal protection challenge to the imposition of sex offender registration, and placed defendant on formal probation for three years with various terms and conditions, including 360 days in jail and the requirement that defendant register as a sex offender.

On appeal, defendant reasserts his claim that it violates equal protection to impose mandatory lifetime sex offender registration on his misdemeanor conviction for possession of child pornography.

We conclude the holding in *People v. Gonzalez* (2012) 211 Cal.App.4th 132 (*Gonzalez*) is on point. A person convicted of possessing child pornography, an offense requiring mandatory registration, is not similarly situated to a person convicted of unlawful sexual intercourse with a minor, an offense for which registration is at the discretion of the trial court, and hence defendant's equal protection claim lacks merit. We will affirm the judgment.

DISCUSSION

Sex offender registration is mandatory for the sex offenses specified in section 290, subdivision (c). (§ 290, subd. (c).) The offense involved in this case, a violation of section 311.11, is included in section 290, subdivision (c). All other sex offenses are subject to registration at the sentencing court's discretion "if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration." (§ 290.006.)

Defendant claims it violates equal protection to impose mandatory registration on his misdemeanor section 311.11 violation, when similarly situated offenders who commit unlawful sexual intercourse with a minor in violation of section 261.5 are only subject to discretionary registration. Defendant cites *People v. Hofsheier* (2006) 37 Cal.4th 1185 (*Hofsheier*) in support of his contention. That case involved a 22–year–old man who engaged in nonforcible oral copulation with a 16–year–old girl. (*Id.* at pp. 1192–1193.)

2

The California Supreme Court explained that the first prerequisite to a meritorious equal protection claim is a showing that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. (*Id*. at p. 1199.) The Supreme Court observed that "section 288a(b)(1) [oral copulation] and section 261.5 [sexual intercourse] both concern sexual conduct with minors. The only difference between the two offenses is the nature of the sexual act. Thus, persons convicted of oral copulation with minors and persons convicted of sexual intercourse with minors 'are sufficiently similar to merit application of some level of scrutiny to determine whether distinctions between the two groups justify the unequal treatment.' [Citation.]" (*Hofsheier, supra*, 37 Cal.4th at p. 1200.) The Supreme Court concluded there was no rational basis for the disparate treatment (*Hofsheier, supra*, 37 Cal.4th at pp. 1206–1207), and thus the defendant in that case established a violation of equal protection. (*Id*. at pp. 1201, 1207.)

Here, defendant argues he is similarly situated to offenders convicted of unlawful sexual intercourse with a minor because sections 261.5 [sexual intercourse] and 311.11 [child pornography] both concern a person under the age of 18 years personally who engaged in or simulated sexual conduct. He claims the only difference is the nature of the sexual act: the person who violated section 261.5 was actively engaged in sexual misconduct with another person, while the person who violated section 311.11 was not; both, however, involved the victimization of the minor.

But in *Gonzalez, supra,* 211 Cal.App.4th 132, the Court of Appeal held that offenders convicted of section 311.11 are not similarly situated to offenders convicted of section 261.5. (*Id.* at pp. 134, 136, 139.) *Gonzalez* explained that child pornography is capable of duplication and thus offenders contribute to revictimization; possession of child pornography can involve child victims of any age, and especially those under 14, while statutory rape is the primary offense only when the victim is 14 or older; it is often impracticable to locate the victim of child pornography to establish the actual age of the

child; and the production of child pornography often involves force, fear, or duress. (*Id.* at pp. 136-139.)

Defendant criticizes the holding in *Gonzalez*, noting that victims of statutory rape can also be revictimized. But the court in *Gonzalez* explained that although an offender can be prosecuted on multiple counts of statutory rape, it is often difficult to prosecute everyone involved in child pornography. (*Gonzalez*, *supra*, 211 Cal.App.4th at p. 137.) Defendant nonetheless argues that the degree of revictimization in child pornography cases "is a far cry from revictimization through multiple physical acts." We decline to minimize the level of victimization involved in child pornography. The voters passed Proposition 83 (Initiative Measure, Prop. 83, § 8, approved Nov. 7, 2006, eff. Nov. 8, 2006), and section 2 of that measure provides in part: "(c) Child pornography exploits children and robs them of their innocence. FBI studies have shown that pornography is very influential in the actions of sex offenders. Statistics show that 90% of the predators who molest children have had some type of involvement with pornography. Predators often use child pornography to aid in their molestation. [¶] (d) The universal use of the Internet has also ushered in an era of increased risk to our children by predators using this technology as a tool to lure children away from their homes and into dangerous situations. Therefore, to reflect society's disapproval of this type of activity, adequate penalties must be enacted to ensure predators cannot escape prosecution." (See Historical and Statutory Notes, 48 West's Ann. Pen. Code (2008 ed.) foll. § 311.11, p. 536.)

Defendant further questions the court's suggestion in *Gonzalez* that unlike child pornography, statutory rape is characteristically "voluntary." (*Gonzalez, supra,* 211 Cal.App.4th at p. 139.) But the court in *Gonzalez* was simply noting the distinction articulated in *Hofsheier* between forcible and nonforcible conduct.

Sections 261.5 and 288a make distinctions based on the age of the perpetrator and the age of the victim, recognizing that a voluntary sexual act between a 19 year old and

4

his 17-year-old girlfriend should be treated differently than a sexual act between a 35 year old and a 13 year old.  But there are no such distinctions based on age or use of force included in section 311.11.  (See also §§ 311.1, 311.2, subds. (b), (c), (d), 311.3, 311.4, 311.10.)  There is no lesser penalty or alternative statute that would apply when the minor is under 18 but over 14, or when force is not used.  This indicates that the Legislature does not view pornography involving older children to be any less serious than pornography involving younger children.  In fact, section 311.11 previously applied only to the possession of child pornography depicting children under the age of 14 but the Legislature increased the age to 18 in 1994.  (Stats. 1994, ch. 55, § 4, pp. 436-437.)

We conclude that persons convicted of section 311.11, subdivision (a) are not similarly situated to those convicted of section 261.5.  Accordingly, it is not necessary for us to apply a level of scrutiny.  Defendant's equal protection claim lacks merit.

DISPOSITION

The judgment is affirmed.


MAURO                    , J.


We concur:


RAYE                    , P. J.


NICHOLSON          , J.


5