Filed 3/16/26  P. v. Lawson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C101166 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF03236) |
| v. | |
| WILLIAM DAVID LAWSON, JR., | |
| Defendant and Appellant. | |

This is defendant William David Lawson, Jr.'s, second appeal from his convictions for numerous sexual abuse offenses against his stepdaughter.  In a prior opinion on defendant's direct appeal, this court vacated defendant's sentence and remanded for a full resentencing in light of ameliorative changes to the law that became effective after his initial sentencing, and otherwise affirmed the judgment.  (*People v. Lawson* (Nov. 6, 2023, C094760) [nonpub. opn.] (*Lawson*).)  In this second appeal,

1

defendant claims that on remand for resentencing, the trial court abused its discretion by denying his request for a supplemental probation report, and improperly awarded $300,000 in noneconomic restitution to the victim of his offenses. We find no prejudicial error and affirm.

**FACTS AND PROCEEDINGS**

*Factual Background*

The factual background is set forth in detail in this court's prior nonpublished opinion. (See *Lawson*, *supra*, C094760.) For purposes of this opinion, it suffices to say that defendant repeatedly sexually abused J.L., his stepdaughter, from when she was 12 years old until she was 18 years old. (*Ibid.*)

*Jury Verdict and Sentence*

On May 20, 2021, the jury found defendant guilty of two counts of aggravated sexual assault of a child under the age of 14 years--rape (Pen. Code, §§ 269, subd. (a)(1), 261, subd. (a)(2));[1] two counts of aggravated sexual assault of a child under the age of 14 years--oral copulation (§§ 269, subd. (a)(4), 287, subd. (c)(2)(B)); one count of aggravated sexual assault of a child under the age of 14 years--sexual penetration (§§ 269, subd. (a)(5), 289, subd. (a)(1)(B)); three counts of forcible oral copulation of a minor over the age of 14 years (§ 287, subd. (c)(2)(C)); and seven counts of forcible rape of a minor over the age of 14 years (§ 261, subd. (a)(2)). The jury also found true the special allegations that J.L. was under the age of 18 years when the forcible rape counts were committed, and defendant knew or reasonably should have known she was under 18. In bifurcated proceedings, the trial court found true the allegation that defendant had previously been convicted of a strike (§§ 667, subd. (d); 1170.12, subd. (b)), and that he

---

[1] Further undesignated statutory references are to the Penal Code.

had been previously convicted of a serious felony (§ 667, subd. (a)(1)).  (*Lawson*, *supra*, C094760.)

The trial court sentenced defendant to an aggregate term of 244 years plus 150 years to life in prison, including full consecutive upper terms on the forcible oral copulation (counts 6, 8, and 10) and forcible rape counts (counts 7, 9, and 11 through 15) (collectively, counts 6 through 15), and six five-year prison conviction enhancements (§ 667, subd. (a)).  (*Lawson*, *supra*, C094760.)

The trial court ordered defendant to pay $300,000 in noneconomic restitution to victim J.L., which it calculated by awarding $50,000 for each year of a six-year period of abuse.  (See *Lawson*, *supra*, C094760.)

Defendant timely filed a notice of appeal.

*Defendant's Prior Appeal*

On direct appeal, a panel of this court vacated defendant's sentence and remanded for a full resentencing in light of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567), which became effective after defendant's sentencing and applied retroactively to defendant's nonfinal judgment.  (*Lawson*, *supra*, C094760.)  The court affirmed the judgment in all other respects.  (*Ibid*.)

*Proceedings on Remand*

On April 24, 2024, at a hearing, defendant requested a supplemental probation report for the purpose of establishing unspecified mitigating circumstances that had become relevant following ameliorative changes to the law that became effective after his initial sentencing, and to address prejudicial statements in the probation report submitted in advance of his initial sentencing.  Defense counsel added that a supplemental probation report could address defendant's conduct after his initial sentencing.

The trial court declined to order a supplemental probation report, but it authorized defendant to inform it of anything that was "inappropriately quoted in the original [probation] report."  Defense counsel responded there were hearsay statements included

3

in the probation report that were not presented as evidence at trial or found true by the jury.

On May 8, at the resentencing hearing, the trial court initially indicated its intention to impose the middle term, rather than the upper term, on counts 6 through 15 because the aggravating factors the court relied upon at the initial sentencing to impose upper terms were neither pleaded nor proven. The court also stated its intent to dismiss the six five-year prior conviction enhancements.

Defense counsel requested that the court impose the low term on counts 6 through 15, in addition to dismissing the prior conviction enhancements. As for the probation report, counsel urged the court to strike and not consider in its sentencing determinations hearsay statements of C.L. (a potential second victim) that appeared in the probation report but were not presented as evidence at trial, noting that defendant was participating in a "variety of therapeutic treatments" while incarcerated, and the possibility of multiple victims in this case was "posing some difficulty in his therapeutic work" and interfering with his therapeutic recovery.

Next, defense counsel recognized the trial court's discretion to award victim restitution, and further acknowledged that the court was authorized to award $300,000. However, counsel asked the court either for a hearing on defendant's indigency, or alternatively that it reduce or stay the restitution award until his release from prison.

The trial court granted defendant's request to strike the hearsay statements of C.L. contained in the probation report, which it noted were not presented at trial and would be inappropriate to consider for purposes of sentencing. Regarding the restitution award, the court "ha[d] no doubt that [defendant] [wa]s indigent" based on the amount of time he had been incarcerated, but concluded that defendant's indigency was irrelevant to the issue of restitution and declined to revisit its prior restitution order. The court concluded defendant was statutorily ineligible for probation, and sentenced him to an aggregate term of 174 years in prison, plus 150 years to life, including full consecutive middle terms on

4

counts 6 through 15 (that were previously sentenced as full consecutive upper terms). The court struck all the five-year prior conviction enhancements in the interest of justice.

Defendant timely filed notice of appeal. The case was fully briefed in December 2025 and assigned to the current panel in February 2026.

## DISCUSSION

### I

*Supplemental Probation Report Claim*

Defendant contends the trial court abused its discretion when it denied his request for a supplemental probation report, which he argues would have included unspecified information regarding his behavior while incarcerated during the pendency of his appeal and information about prior trauma that could have been relevant to the court's resentencing decisions. As for prejudice, defendant asserts only that an updated report would "likely reveal the positive attempts [he] had made to become a law-abiding citizen, and to understand the psychological problems which brought him into the criminal justice system in the first place," and "would likely give the trial court insight into [defendant's] prior traumas, and allow it to use that mitigation to impose a lesser sentence."

A. *Legal Background*

California Rules of Court, rule 4.411(a) provides: "the court must refer the case to the probation officer for: [¶] (1) A presentence investigation and report if the defendant: [¶] (A) Is statutorily eligible for probation or a term of imprisonment in county jail under section 1170(h); or [¶] (B) Is not eligible for probation but a report is needed to assist the court with other sentencing issues, including the determination of the proper amount of restitution fine; (2) A supplemental report if a significant period of time has passed since the original report was prepared."

"[A] probation report is not necessarily required if defendant is statutorily ineligible for probation." (*People v. Dobbins* (2005) 127 Cal.App.4th 176, 180.) Here, defendant was ineligible for probation as a second-strike offender. (§§ 667, subd. (c)(2), 1170.12, subd. (a)(2).) In such cases, the court has discretion to decide whether a probation report should be provided; this includes supplemental reports. (*People v. Bullock* (1994) 26 Cal.App.4th 985, 989; *People v. Franco* (2014) 232 Cal.App.4th 831, 834, fn. 21 [supplemental probation report required after a significant period of time only if defendant is eligible for probation]; *People v. Johnson* (1999) 70 Cal.App.4th 1429, 1432 [same].) "This is not to say a probation report may not be helpful to a court on resentencing." (*Bullock*, at p. 989.) "There may be compelling reasons for ordering a probation report even when the defendant is ineligible for probation. The defendant's postconviction behavior and other possible developments remain relevant to the trial court's consideration upon resentencing. Still, in many cases obtaining a new report will be a meaningless exercise. The trial court is in the best position to evaluate the need for an updated report, with the input of counsel." (*Id*. at p. 990.) "We review discretionary sentencing decisions for abuse of discretion." (*People v. Knowles* (2024) 105 Cal.App.5th 757, 764.)

B. *Analysis*

Defendant fails to establish an abuse of discretion, much less prejudicial error, because there is nothing in the record to suggest that a supplemental probation report "would have provided the court with any essentially useful information for purposes of resentencing." (*People v. McClure* (1987) 191 Cal.App.3d 1303, 1306.)

In his request for a supplemental report, defendant observed that he had not been able to "add any mitigating circumstances" before his initial sentence, and counsel added that a supplemental report could include defendant's conduct after he was initially sentenced. On appeal, defendant argues that he believed a supplemental report would

6

have "likely" contained non-specific positive information about his attempts to follow the law as well as evidence of his childhood trauma.

We recognized that childhood trauma may be relevant to a trial court's resentencing decisions. (See, e.g., § 1170, subd. (b)(6)(A) [court shall impose the low term if a defendant's prior psychological, physical, or childhood trauma was a contributing factor to the offense].) But defendant did not indicate to the trial court that he suffered from childhood trauma, or that any trauma he suffered contributed to the commission of his offenses. Rather, defendant only generally requested the opportunity to "add any mitigating circumstances," without specifying which circumstances, if any, could apply to him. In the absence of anything to suggest that mitigating evidence existed, the trial court did not abuse its discretion by denying defendant's request on that basis.

Similarly, the trial court did not abuse its discretion by denying defendant's request for a supplemental probation report on the basis that the report could identify the programming defendant had participated in while incarcerated. The trial judge who denied defendant's request was the same judge who presided over defendant's trial, and therefore he was intimately familiar with defendant and the facts of his case. Accordingly, the court was in the best position to determine whether any amount of in-prison programming could have affected his sentencing decisions beyond the 70-year reduction to defendant's sentence that the court already had planned. We have no cause to question the court's exercise of its discretion in that regard.

Finally, we note that the trial court granted defendant's request to strike hearsay statements from the probation report, and expressly agreed to not consider those statements in its sentencing decision. The court did not abuse its discretion when it resentenced defendant without first obtaining a supplemental probation report.

7

## II

### *Noneconomic Restitution Claim*

Defendant contends the trial court's award of $300,000 in noneconomic restitution must be stricken because there is no statutory basis for the award, and the court failed to articulate a reasonable basis therefor. Defendant has forfeited his contentions as to the amount of restitution, and in any event each of his arguments lacks merit.

A. *Legal Background*

Our state Constitution provides that "[r]estitution shall be ordered from the convicted wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss." (Cal. Const., art. I, § 28, subd. (b)(13)(B).) Section 1202.4 implements this requirement by generally providing that, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (§ 1202.4, subd. (f); *People v. Lehman* (2016) 247 Cal.App.4th 795, 800 (*Lehman*).)

"With one exception, restitution orders are limited to the victim's economic damages." (*People v. Smith* (2011) 198 Cal.App.4th 415, 431 (*Smith*.) The exception provides that restitution may be ordered for "[n]oneconomic losses, including, but not limited to, psychological harm, for felony violations of Section 288, 288.5, or 288.7." (§ 1202.4, subd. (f)(3)(F).) "Noneconomic damages are 'subjective, non-monetary losses including, but not limited to, pain, suffering, inconvenience, mental suffering, emotional distress, loss of society and companionship, loss of consortium, injury to reputation and humiliation.' (Civ. Code, § 1431.2, subd. (b)(2).)" (*Smith*, at p. 431.) " ' "No fixed standard exists for deciding the amount of these damages." ' " (*Lehman*, *supra*, 247 Cal.App.4th at p. 801.)

"The burden is on the party seeking restitution to provide an adequate factual basis for the claim." (*People v. Giordano* (2007) 42 Cal.4th 644, 664.)  The "evidentiary bar" for noneconomic damages "is a low one," but the party seeking restitution must show the impact of the crime on the particular victim, not just victims generally. (*People v. Gomez* (2023) 97 Cal.App.5th 111, 119-120.)  The court may not rely "exclusively on its experience and common sense regarding similar incidents in awarding restitution," but it may consider, among other types of evidence, the victim's trial testimony, statements and testimony by the victim's parents, a treating physician or therapist, or others with personal knowledge of the impact on the victim. (*Id*. at pp. 119, 120.)

" 'A restitution order is reviewed for abuse of discretion and will not be reversed unless it is arbitrary or capricious.  [Citation.]  No abuse of discretion will be found where there is a rational and factual basis for the amount of restitution ordered.  " '[T]he standard of proof at a restitution hearing is by a preponderance of the evidence, not proof beyond a reasonable doubt.' " ' " (*Lehman*, *supra*, 247 Cal.App.4th at p. 801.)  We will "affirm a restitution order for noneconomic damages that does not, at first blush, shock the conscience or suggest passion, prejudice or corruption on the part of the trial court." (*Smith*, *supra*, 198 Cal.App.4th at p. 436.)  However, a restitution order "resting upon a ' "demonstrable error of law" ' constitutes an abuse of the court's discretion." (*People v. Jennings* (2005) 128 Cal.App.4th 42, 49.)

B. *Analysis*

Defendant raises several arguments:  (1)  the restitution award was improper under section 1202.4, subdivision (f)(3)(F) because he was not convicted under section 288, 288.5, or 288.7, the provisions listed in the statute; (2)  the trial court failed to articulate a rational basis for the amount of the award; (3)  the court improperly imposed restitution based on abuse occurring for six years, rather than the four years of abuse J.L. suffered between ages 12 and 15, which are the ages at issue in violations of section 288, 288.5,

9

and 288.7; and (4) the court failed to articulate why it should award restitution where he had no ability to pay.

Initially, defendant has forfeited his contentions as to the amount of restitution by failing to object in the trial court. (See *People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [objections regarding the amount of restitution may be forfeited if not raised in the trial court].) At his original sentencing, defendant characterized the restitution award as "a joke" and argued that he was not guilty of his crimes. That objection was not sufficient to preserve his claim that the amount of the award was not factually supported. Further, defendant made his comment before the court set forth its factual basis for the award.[2] Then, at his resentencing hearing, defense counsel acknowledged that the court "has discretion to impose up to $300,000 [in restitution]," and only requested a hearing on defendant's ability to pay, or in the alternative requested that the court strike or stay the restitution award.

In any event, all of defendant's arguments lack merit.

First, defendant argues that a restitution award under section 1202.4, subdivision (f)(3)(F) was improper because that statute authorizes restitution only "for felony violations of Section 288, 288.5, or 288.7," and defendant was not convicted under any of those statutes. However, "[s]everal appellate courts have interpreted [the noneconomic restitution provision] as embracing felony convictions for *conduct* violating section 288, even if the convictions themselves were under different statutes." (*People v. Villegas* (2023) 97 Cal.App.5th 253, 280.) This is because the noneconomic restitution provision requires a *violation* of section 288, rather than a conviction. (*Villegas*, at p. 280; see *People v. McCarthy* (2016) 244 Cal.App.4th 1096, 1103-1106.) Defendant urges us to

---

[2] Indeed, defendant voluntarily left the courtroom after his comment, and the court noted that it had provided him with the opportunity to address the restitution award before proceeding in his absence.

not follow *Villegas*, but we see no good reason for doing so. (See *People v. Johns* (2020) 50 Cal.App.5th 46, 62 ["We have latitude to depart from the decisions of our sister Courts of Appeal, though we generally exercise our discretion only when supported by good reason"].)

Here, defendant's conviction for forcible sexual penetration of a victim under the age of 14 (§ 269, subd. (a)(5)) required the specific intent of sexual arousal, gratification, or abuse (§ 289, subd. (k)(1)), and therefore satisfied the specific intent requirement of section 288, subdivision (a). Defendant's other convictions for aggravated sexual assault on a child under age 14 (§ 269), forcible copulation when she was 14 or 15 years old (§ 287, subd. (c)(2)(C)), and forcible rape when she was 14 or 15 years old (§ 261, subd. (a)(2)) would all, as a factual matter, "violate" section 288 within the meaning of section 1202.4, subdivision (f)(3)(F). (See *People v. Gonzalez* (2012) 211 Cal.App.4th 132, 137 fn. 2 [sexual intercourse with a minor under 14 can be prosecuted as a lewd act on a child under section 288, subdivision (a) because, although a lewd act on a child requires specific intent and sexual intercourse is a general intent crime, "cases in which a defendant uses a penis to penetrate the vagina of a child under 14 without any sexual intent are freakishly rare"]; *Villegas*, at p. 282.)

Second, defendant contends the trial court failed to articulate a rational basis for the amount of the restitution award. But at defendant's initial sentencing hearing, the trial court observed that defendant had sexually abused J.L. from the time she was 12 years old until the time she was 18 years old, and it made the following record: "[T]he psychological impact of the defendant's abuse will be carried by J.L. for the rest of her life. No 12 year old child should ever have to be concerned about whether they are going to become pregnant, let alone at the hands of the only father that they've ever known. That is exactly what happened in this case. [¶] J.L.'s testimony during the trial established that her life was a life of chaos and torment at a time when most young people are figuring out who they are and where they are headed. She lost relationships as

11

a result of the defendant's abuse, her relationships with her own family suffered and continue to be strained as a result of the defendant's abuse. [¶] Although J.L. has taken the appropriate steps to start the healing process by way of counseling, there is no question in the Court's mind that the healing process will likely be a lifelong endeavor for her. The abuse was so pervasive that it became a part of J.L.'s normal everyday life." When resentencing defendant in May 2024, the court indicated it would not disturb its previous order, demonstrating that the court's basis for imposing the restitution award was predicated on the factual basis set forth in the initial sentencing hearing. The court articulated a sufficient factual basis for awarding restitution.

Third, defendant argues the trial court improperly imposed restitution based on abuse occurring for six years, rather than the four years of abuse J.L. suffered between ages 12 and 15, which are the ages that can support a violation of sections 288, 288.5, and 288.7. We disagree. In its original order, the trial court relied on *Smith*, *supra*, 198 Cal.App.4th 415, to support its restitution award of $300,000. In *Smith*, the court found no abuse of discretion where the trial court calculated the restitution award by multiplying 15 years of abuse by $50,000 per year of abuse by the defendant, although the defendant was convicted of only seven years of abuse, ending when the victim was 15 years old. (*Id*. at p. 437.) The *Smith* court explained that the trial court "was searching for some way to quantify [the victim's] pain and suffering," and "there was no credible argument . . . that [the victim's] psychological harm ended when she was 15 years old." (*Ibid*.) Similarly, here the court quantified J.L.'s pain and suffering in terms of the number of years she suffered abuse at the hands of defendant. The court did not abuse its discretion.

Finally, we reject defendant's argument that the court failed to articulate why it should award restitution where he had no ability to pay; a defendant's ability to pay may not be considered in determining the amount of direct victim restitution. (§ 1202.4, subd. (g).)

12

**DISPOSITION**

The judgment is affirmed.

_____/s/_____
Duarte, Acting P. J.

We concur:

_____/s/_____
Renner, J.

_____/s/_____
Wiseman, J.*

_____

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13